IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01086-BNB

DAVID BAXTER, a/k/a RICHIE A. HILL,

    Plaintiff,

v.

HARLEY G. LAPPIN, Director, Federal B.O.P.,
R. WILEY, Warden, ADX Max,
UNIT MANAGER M. COLLINS, ADX Max,
BA BLEDSOE, Warden, U.S.P. Marion,
J. FOX, Associate Warden, ADX Max,
CORR. OFFICER BARBARA BATULIS, ADX Max,
CAPT. KRIST, ADX Max,
DOCTOR ZOHN, Pyscologist [sic], ADX Max,
DOCTOR RICKTER, Pysciatrist [sic], ADX Max,
LT. MANLEY, ADX Max,
CORR. OFFICER MANSPEAKER, ADX Max,
CORR. OFFICER BREAM, ADX Max,
LT. C. RIVERS, ADX Max,
COUNSELOR MADISON, ADX Max, and
JOHN DOE, Unknown Persons, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
                    CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, David Baxter, is an inmate in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado (ADX). Mr. Baxter has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The court must construe the complaint liberally because Mr. Baxter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baxter will be ordered to file an amended complaint.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. First, it is not clear what specific claims for relief Mr. Baxter is asserting in this action and it is not clear against which Defendant or Defendants he is asserting each claim. Although Mr. Baxter asserts only three numbered claims for relief, he includes within those three numbered claims various unrelated allegations that may or may not be intended as separate claims. For example, Mr. Baxter's first claim is a due process claim in which he alleges that he was transferred to the ADX without a hearing or any opportunity to challenge the transfer. However, Mr. Baxter also alleges within his first claim that Defendants Doctor Zohn and Doctor Rickter have placed him in the special housing unit at ADX and have refused to order a mental evaluation or commitment to a mental hospital. Within his second claim for relief, Mr. Baxter alleges that he has been denied adequate winter clothing while confined at the ADX, that Defendant Manley broke his ribs in 2007, that unspecified correctional officers at a federal prison in Illinois broke his neck, and that unspecified Defendants have interfered with his legal mail at the ADX. Within his third claim for relief, Mr. Baxter alleges both that he has been denied adequate exercise while confined at the ADX and that he has been denied adequate food. The complaint also is deficient because, even when Mr. Baxter does link his claims and allegations with a specific Defendant or Defendants, he does not always allege specific facts that demonstrate how the named Defendant or Defendants personally participated in the asserted constitutional violation.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Baxter "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baxter must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986).

Therefore, Mr. Baxter will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Baxter is directed to identify each individual claim that he intends to pursue in this action and to specify which Defendant or Defendants he is asserting each claim against. Mr. Baxter also is directed to include specific allegations of personal participation by each named Defendant in connection with each asserted claim. Accordingly, it is

ORDERED that Mr. Baxter file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Baxter, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Baxter fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED August 5, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01086-BNB

David Baxter
a/k/a Richie A. Hill
Reg No. 20689-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/5/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk