IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01086-BNB

DAVID BAXTER, a/k/a RICHIE A. HILL,

Plaintiff,

v.

HARLEY G. LAPPIN, B.O.P. Director,
R. WILEY, Warden, ADX Max,
M. COLLINS, U.M., ADX Max,
BA BLEDSOE, Warden, U.S.P. Marion,
J. FOX, A.W., ADX Max,
MRS. BARBARA BATULIS, ADX Max,
CAPT. KRIST, ADX Max,
DOCTOR ZOHN, Psychologist, ADX Max,
DOCTOR RICKTER, Psychiatrist, ADX Max,
LT. MANLEY, ADX Max,
CORR. OFFICER MANSPEAKER, ADX Max,
CORR. OFFICER G. BREAM, ADX Max,
LT. L. RIVERS, ADX Max,
COUNSELOR MADISON, ADX Max, and
JOHN DOE, Unknown Persons, et al.,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 8 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, David Baxter, also known as Richie A. Hill, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado (ADX). Mr. Baxter initiated this action by filing *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On August 5, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Baxter to file an amended complaint that

clarifies the claims he is asserting in this action and that includes specific allegations of personal participation by each named Defendant. On August 26, 2010, Mr. Baxter filed an amended Prisoner Complaint.

Mr. Baxter has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Baxter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Baxter asserts two claims for relief in the amended complaint. He first claims that he was denied due process when he was transferred in 2006 to ADX from a federal prison in Marion, Illinois. Mr. Baxter asserts this claim against BOP Director Harley Lappin, Marion Warden B. A. Bledsoe, and the following Defendants at ADX: Warden

R. Wiley, Unit Manager M. Collins, Associate Warden J. Fox, Correctional Officer Barbara Batulis, Captain Krist, Doctor Zohn, Doctor Rickter, Lieutenant Manley, Correctional Officer Manspeaker, Correctional Officer G. Bream, Lieutenant L. Rivers, Counselor Madison, and one or more John Does. With the exception of Marion Warden Bledsoe, Mr. Baxter alleges only that these Defendants knew about the allegedly illegal transfer from Marion to ADX. Mr. Baxter alleges that Marion Warden Bledsoe not only knew about the allegedly illegal transfer, he also has insight about the transfer and who planned it. Mr. Baxter does not allege that any of the Defendants in this action actually are responsible for the transfer to ADX that he contends violated his right to due process.

In his second claim for relief, Mr. Baxter alleges that Correctional Officers L. Rivers and Manspeaker denied him adequate winter clothing at ADX in violation of his Eighth Amendment rights. Mr. Baxter specifically alleges that all of his clothing was taken and he was left naked in a cell for two days while it was snowing outside.

Magistrate Judge Boland specifically advised Mr. Baxter in the order directing him to file an amended complaint that, in order to state a claim in federal court, he must explain in the amended complaint "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Magistrate Judge Boland also advised Mr. Baxter that personal participation is an essential allegation in a civil rights action, see **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and that, to establish

3

personal participation, he must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In other words, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Finally, Magistrate Judge Boland advised Mr. Baxter that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Despite these explicit directions, Mr. Baxter fails to assert facts in support of his first claim that demonstrate any of the Defendants in this action personally participated in the asserted due process violation. Mr. Baxter's vague and conclusory allegations that Defendants knew about the allegedly illegal transfer from Marion to ADX are not sufficient to demonstrate personal participation. "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Mr. Baxter's first claim for relief will be dismissed as legally frivolous.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that the remaining Eighth Amendment claim does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Correctional Officers L. Rivers and Manspeaker. All other Defendants

will be dismissed as parties to this action because the due process claim against them is legally frivolous. Accordingly, it is

ORDERED that Mr. Baxter's first claim for relief, the due process claim, is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that Defendants Harley G. Lappin, B. A. Bledsoe, R. Wiley, M. Collins, J. Fox, Mrs. Barbara Batulis, Captain Krist, Doctor Zohn, Doctor Rickter, Lieutenant Manley, Correctional Officer G. Bream, and Counselor Madison are dismissed as a party to this action because the only claim asserted against them is legally frivolous. It is

FURTHER ORDERED that this case shall be assigned to Senior Judge Zita Leeson Weinshienk pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael J. Watanabe.

DATED at Denver, Colorado, this __8th__ day of __September__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01086-BNB

David Baxter
a/k/a Richie A. Hill
Reg No. 20689-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/8/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk