IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01086-MSK-MJW

DAVID BAXTER a/k/a RICHIE A. HILL,

Plaintiff,

v.

CORR. OFFICER MANSPEAKER, and
LT. L. RIVERS,

Defendants.

## RECOMMENDATION ON
## DEFENDANTS' MOTION TO DISMISS (Docket No. 23)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by Senior Judge Zita L. Weinshienk on September 22, 2010 (Docket No. 15).  Upon Judge Weinshienk's retirement, the case was reassigned to Judge Marcia S. Krieger.  (Docket No. 29).

There are only two defendants and one claim remaining in this action.  (See Docket No. 13, Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge).  The pro se incarcerated plaintiff alleges the following with respect to that claim in his Amended Prisoner Complaint brought pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Docket No. 12).   Plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment when defendant Lieutenant Rivers took all of the

plaintiff's clothing and put the naked plaintiff in cell number A112 for two days while it was snowing outside. (Docket No. 12 at 10). Defendant Correction Officer Manspeaker did the rounds and was a part of Lt. Rivers' plan with others to freeze plaintiff by not stopping this illegal act. (Docket No. 12 at 10). Plaintiff does not indicate in his pleading when this alleged Eighth Amendment violation purportedly occurred. Plaintiff seeks monetary relief.

Now before the court for a report and recommendation is the Defendants' Motion to Dismiss (Docket No. 23) in which the defendants seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) plaintiff failed to allege culpable personal action by the defendants and (2) defendants are entitled to qualified immunity. Plaintiff has not filed a response to the defendants' motion. The court has considered the motion, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation that the defendants' motion be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v.

RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has merely made an *allegation*, "but it has not *shown* that the pleader is entitled to relief." Id. (emphasis added) (alteration, quotation marks, and citation omitted). "The cases make clear that it is *facts*, not conclusions, that must be pled; 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions,' including 'legal conclusion[s] couched as a factual allegation.'" Ajaj

4

v. Federal Bureau of Prisons, 2011 WL 902440, at *2 (D. Colo. Mar. 10, 2011) (quoting Iqbal, 129 S. Ct. at 1949-50).

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.

Defendants first assert that plaintiff failed to allege specific facts showing personal involvement or participation by either defendant in the alleged unconstitutional conduct asserted.  This court disagrees and finds that plaintiff has adequately specified each defendant's involvement.  As noted by the defendants, plaintiff alleges that Rivers placed plaintiff naked in a cell for two days and that Manspeaker, who was making rounds, allowed this to happen.  These averments, while not replete with factual details, are adequate as they pertain to personal involvement.

In their next argument that they are entitled to qualified immunity, defendants assert that plaintiff has not established that his placement in a strip cell for two days violated his constitutional rights as alleged.  This court agrees with the defendants and finds that the plaintiff has not stated facts showing a violation of the Eighth Amendment or any other federal constitutional provision and thus does not survive a motion to

dismiss. As noted by the defendants, plaintiff does not even allege that it was cold in his cell. This court further notes that the plaintiff also does not allege that he was without a blanket or other bedding. Instead, he merely states that he was naked in a cell for two days, and he refers only to the conditions outside of the facility (snowing) rather than the temperature in his cell.

In order to state a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, the deprivation must be sufficiently serious; the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Supreme Court has noted that conditions of confinement may be restrictive, and even harsh, without constituting an Eighth Amendment violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prisoner mush show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." Despair v. Uphoff, 264 F.3d 965, 973 (10th Cir. 2001). An important factor in determining whether conditions of confinement meet constitutional standards is the length of time of the condition. Conditions may be tolerable for a few days yet intolerably cruel for weeks or months. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978).

Here, this court finds that plaintiff's allegation that he was placed in a cell for two days without clothes while it was snowing outside, by itself, does not state an Eighth Amendment violation. "The Tenth Circuit has found as insufficient to support an Eighth Amendment claim allegations that prisoner was placed in a damp 'but not freezing' isolation cell for two days where he had a blanket, a bed and food, *see Ogbolu v.*

6

*McLemore*, No. 96-6275, 1997 WL 49449 at *2 (10th Cir. Feb. 7, 1997) (unpublished op.); that a prisoner was placed in a cold, unheated detention cell for five days, but did not allege he was denied 'adequate bedding, blankets, etc.' to help him deal with the cold, see Hawkes [v. Wyoming Dept. Of Corr. Honor Conservation Camp], 1997 WL 545594 a *2 [10th Cir. Sept. 4, 1997]; and that a prisoner spent four nights and five days in a stripped basement intake cell but had 'minimal' clothing and bedding, *see Estrada v. Kruse*, 38 Fed.Appx. 498 (10th Cir. 2002) (unpublished op.)." Langford v. Grady County Detention Center, 670 F. Supp.2d 1213, 1226 (W.D. Okla. 2009). See Harrison v. Richardson, 2009 WL 735128 (D. Kan. Mar. 19, 2009) (no Eighth Amendment claim stated by plaintiff who alleged he was stripped to his boxers, forced to walk through the facility and inclement weather to the segregation building where he was placed in a strip cell with no operable heating unit for approximately three days with no clothes, linen, or hygiene supplies, was forced to sleep on a metal bunk without a mattress, clothing, or bed linens in frigid temperatures which caused severe pain in his right leg from previous surgery). In sum, plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it does not plead enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion to Dismiss **(Docket No. 23)** be **granted.**

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

7

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: April 21, 2011                           s/ Michael J. Watanabe
      Denver, Colorado                       Michael J. Watanabe
                                                     United States Magistrate Judge